IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20419
Summary Calendar
_____


KELJER KING,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-3904
- - - - - - - - - -
February 19, 1998
Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:*

    Keljer King, prisoner #628021, appeals the district court's

denial of his petition for habeas relief pursuant to 28 U.S.C.

§ 2254.  He argues that counsel's advice to him that he could be

convicted of robbery under Texas law amounted to ineffective

assistance which rendered his *nolo contendre* plea involuntary.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

King has not presented "strong evidence" to overcome the presumption that the Texas Court of Criminal Appeals accepted the trial court's legal conclusion that King could have been convicted of robbery under Texas law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). To establish ineffective assistance of counsel in the context of a *nolo contendre* plea, King must satisfy the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (guilty plea). King must show that counsel's performance was deficient or that he was prejudiced as a result of the alleged deficiency. *Strickland*, 466 U.S. at 687. Since counsel's advice was a correct statement of Texas law, King cannot demonstrate deficient performance. The district court did not err in refusing to grant federal habeas relief on King's claim of ineffective assistance of counsel.

AFFIRMED.